UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-163-GWU

MARY E. WATKINS,                                                PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

Mary Watkins brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled.  If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
     claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any
     impairment(s) significantly limiting the claimant's physical or
     mental ability to do basic work activities?  If yes, proceed to
     Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
     404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-163  Mary E. Watkins

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

08-163  Mary E. Watkins

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:   (1)

3

08-163  Mary E. Watkins

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-163  Mary E. Watkins

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

08-163  Mary E. Watkins

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Watkins, a former licensed practical nurse and registered nurse, suffered from impairments related to asthma, allergies, sinusitis, and chronic pulmonary disease. (Tr. 20, 25). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 23). Since the claimant was found to be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

In determining that Watkins could return to her past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert Linda Sparrow. The hypothetical question initially presented by the ALJ included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as a need to avoid concentrated exposure to extremes of humidity, heat, dust, fumes and gases. (Tr. 451). In response, Sparrow testified that the plaintiff's past nursing work could still be performed. (Id.). The ALJ then presented an alternative hypothetical question which included an inability to lift more than five pounds and an inability to stand for more than two hours in an eight-hour day along with the other restrictions included in the first hypothetical question. (Id.). The witness identified a significant number of other entry level sedentary jobs which could still be performed. The ALJ relied upon this testimony to support the administrative decision.

In determining that Watkins could return to her past relevant work, the ALJ relied heavily upon the opinion of Dr. Rita Ratliff, an examining consultant. (Tr. 24). Dr. Ratliff indicated finding no specific functional limitations with regard to stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects or traveling. (Tr. 380). In framing the initial hypothetical question, the ALJ also relied upon the opinion of Dr. Jorge Baez-Garcia, a non-examining medical reviewer, who concluded that the plaintiff would be limited to medium level work

restricted from a full range by a need to avoid concentrated exposure to extreme heat, humidity, fumes, odors, dusts, gases and poor ventilation.  (Tr. 415-423).  These opinions were found to offset the opinion of Dr. James Templin, another examiner, which the ALJ rejected.  (Tr. 25).  Dr. Templin indicated that the claimant would be limited to a narrow range of light level work.  (Tr. 433-434).  When Dr. Templin's restrictions were presented to Sparrow, the vocational expert testified that full-time work would not be available.  (Tr. 453-454).  Since Dr. Ratliff and Dr. Templin were each one-time examiners, the ALJ could reasonably rely upon the former and reject the opinion of the latter.  Thus, the undersigned finds no error in this portion of the administrative decision.

The problem for the administration concerns the ALJ's failure to address the opinion of Dr. Mary Findley, a treating physician at Primary Care Associates.  Dr. Findley opined in January of 2005 that Watkins would be restricted from lifting more than five pounds and should not be be required to perform work requiring her to be primarily on her feet.  (Tr. 402).  The administrative regulations at 20 C.F.R. § 404.1527(d)(2) require an ALJ to state the reasons for rejecting the opinion of a treating source and the agency's failure to follow its own procedural regulations can constitute reversible error.  Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).   Not only did the ALJ in this case not adopt this finding, but he made no mention of Dr. Findley, despite her treating source status, in the

08-163  Mary E. Watkins

text of his decision, other than for a reference to the doctor's finding of improvement in the patient's fibromyalgia condition in December of 2004.  (Tr. 25).  The actual functional limitations cited by the physician were never addressed.  (Tr. 18-26). That Dr. Findley found improvement in the fibromyalgia condition in December, 2004 is not necessarily incompatible with the physical restrictions identified in January of 2005.  The plaintiff argues that the ALJ's failure to follow the opinion of the treating source was reversible error.

The court notes that the second hypothetical question presented to Sparrow, which included a restriction to lifting no more than five pounds and an inability to stand for more than two hours in an eight-hour day, was essentially compatible with Dr. Findley's limitations.  (Tr. 451).  As previously noted, while the past nursing work would be precluded, the expert cited a significant number of other sedentary entry level work positions which could still be performed.  (Tr. 452).  This factor might make the ALJ's failure to address the doctor's opinion harmless error.  However, the omission is not harmless due to the combination of Watkins's age and the restriction to sedentary level work.  The record reveals that the plaintiff turned 50 years old shortly after her alleged onset date.  (Tr. 58).  This made her a "person closely approaching advanced age" under the federal regulations.  Rule 201.00(g) of the Medical-Vocational Guidelines indicates that when one is in this age range, unable to return to vocationally relevant past work and limited to sedentary level work, a

08-163  Mary E. Watkins

finding of disabled status is ordinarily required unless one has transferable skills. Sparrow reported that the claimant's nursing skills would be transferable to medium and light level jobs but not to the sedentary level.  (Tr. 451).  Thus, if the claimant is limited to sedentary level work as found by Dr. Findley, the administrative regulations would mandate a finding of disabled status as of her 50th birthday. Therefore, the treating physician's opinion was of crucial importance and the ALJ committed reversible error by failing to cite specific reasons why this opinion was not followed.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of March, 2009.



**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

11