UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-163-GWU

MARY E. WATKINS, PLAINTIFF,

VS.    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The matter is currently before the court for review of the plaintiff's request for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The plaintiff seeks $150.00 per hour for 44.90 hours of work performed on the successful appeal, plus $363.98 in costs and $45.63 in expenses. Docket Entry No. 20.

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. § 2412(d)(2).

1

08-163  Mary E. Watkins

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1] The burden is on the plaintiff to provide

---

[1] At the time of Pierce, the cap was $75.00. 487 U.S. at 555.

08-163 Mary E. Watkins

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

08-163  Mary E. Watkins

**DISCUSSION**

In his brief, the defendant challenges only certain aspects of the fee petition. The court concludes that the plaintiff was the prevailing party and that the defendant's position was not substantially justified.

The defendant specifically challenges 1.5 hours charged by the plaintiff's counsel on April 3, 2008 to draft letters accompanying the summons and complaint to the United States Attorney, the Social Security Administration's General Counsel, and the Attorney General of the United States, stating that this is a clerical task that should not be reimbursed at attorney's rates. It is not unreasonable for an attorney to draft letters going out under his name. Since the letters should have been essentially the same, and not notably different from those used in other cases, the court will deduct one hour from the time requested.

The Commissioner's other objection is to one hour requested on August 13, 2008 "to electronically confirm the filing of his motion for summary judgment . . . ." Docket Entry No. 24 at 7. The actual fee petition appears to include several other items, including preparation of a motion for extension of time and proposed order. Docket Entry No. 20-6 at 3. One hour is not unreasonable for all of the items listed.

For the reasons stated in the Commissioner's brief, the plaintiff has failed to show that prevailing market rates for the kind and quality of services performed justify an increase in the hourly rate from $125.00 to $150.00 per hour.

4

08-163 Mary E. Watkins

<u>Commissioner's Opposition to Plaintiff's Motion for Payment of Attorney Fee</u>, Docket Entry No. 24 at 3-6. The affidavits submitted are not persuasive to the extent that they discuss fee awards rather than higher rates billed and paid in this district.

The court finds it appropriate to award a fee based on a total of 43.9 compensable hours at $125.00 per hour.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees is GRANTED in part and DENIED in part; counsel for the plaintiff is awarded $5,487.50 in fees, $363.98 in costs, and $45.63 in expenses.

This the 19th day of August, 2009.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**