UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-163-JBC

MARY E. WATKINS,                                                          PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                         DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on two related motions by Wolodymyr Cybriwsky, counsel for Mary Watkins.  The first motion seeks to reopen and affirm a final favorable administrative decision.  R. 31.  The second seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides for the withholding and direct payment of attorney's fees from a claimant's past due benefits.  R. 32.  For the reasons stated below, the court will deny the first motion and grant the second in part.

In March of 2008, Watkins sought review of the Social Security Administration's denial of her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI").  R. 1.  On March 18, 2009, the court reversed and remanded the case for further consideration pursuant to Sentence Four of 42 U.S.C. § 405(g).  R. 18, 19.  In June of 2009, Cybriwsky moved for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").  R. 20.  The court awarded EAJA fees of $5,487.50 on August 19, 2009.  R. 30.

1

These funds were seized by the government to satisfy other obligations of Watkins and were not paid to the attorney.[1] R. 36. On December 16, 2009, Administrative Law Judge ("ALJ") Gregory O. Varo issued a fully favorable decision finding Watkins disabled beginning November 15, 2004. R. 31, Attachment 3. On June 8, 2012, Cybriwsky filed the instant motions to reopen and affirm the favorable administrative decision and for § 406(b) attorney fees.

The court denies the motion to reopen and affirm the favorable administrative denial decision. Such a procedure is appropriate in a court remand under Sentence Six of 42 U.S.C. § 405(g), which provides that following such a remand, the Commissioner "shall file with the court any such additional and modified findings of fact and decision . . . ." However, the court remand, R.19, was pursuant to Sentence Four, under which the court relinquishes jurisdiction except to the extent necessary to resolve the application of attorney's fees. *See, e.g., Smith v. Halter*, 246 F.3d 1120 (8th Cir. 2001). Therefore, reopening and affirming the case would be an idle gesture since no further action is necessary.

The court turns to the question of § 406(b) attorney's fees. Under 42 U.S.C. § 406(b)(1)(A), an attorney who successfully represents a Social Security claimant in court may be entitled to a fee up to twenty-five percent of the claimant's past due benefits pursuant to a contingent fee agreement. The fee agreement between Watkins and Cybriwsky provides for payment of the larger of

---

[1] Because Cybriwsky did not receive the EAJA payment, an offset of this payment will not be required.

either twenty-five percent of past due benefits as the contingent fee or a $325.00-per-hour fee for work in federal appeals.  R. 32, Attachment 1.  The court has the authority to award court-related fees pursuant to the statute even though the benefits award itself was made by the Commissioner upon remand.  *Horenstein v. Sec'y. of Health & Human Servs*., 35 F.3d 261, 262 (6th Cir. 1994).  Cybriwsky initially sought an attorney fee award of $21,600.00 based on an estimate that the amount of Watkins's past due benefits was $86,400.00.  R. 32.  The defendant submitted evidence indicating that the agency found the past due benefits to be $67,702.00.[2]  R. 35, Attachment 1.  The defendant asserts that Cybriwsky's attorney fee claim is limited to twenty-five percent of this amount (i.e., $16,925.50).  Cybriwsky appears to concede the accuracy of the defendant's numbers in his reply brief.  R. 36.  Thus, $16,925.50 is the maximum attorney fee amount in question.

Because a § 406(b) attorney fee motion is not filed on behalf of the client, but in competition with the client's financial interests, the court must independently review the fee request for reasonableness.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798-807 (2002).  If the back pay amount is large in comparison to the amount of time spent by counsel in the case, a downward adjustment may be in order.  *Gisbrecht*, 535 U.S. at 808.   The twenty-five percent of past due

---

[2] Although not liable for any monetary sum, the Commissioner has a special role to ensure that the past due benefits are equitably distributed, so the defendant is entitled to participate in attorney fee adjudications under § 406(b). *Lewis v. Sec'y. of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1986).

benefits is the benchmark for consideration, and if the agreement between the parties includes this provision, it is entitled to the weight of a rebuttable presumption. *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Deductions in fee requests are permissible under two circumstances: those occasioned by improper conduct or ineffectiveness of counsel and situations in which counsel would enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. *Id*. In order to show the reasonableness of the claimed attorney fee, Cybriwsky submitted an itemized list of the time he spent working on Watkins's case and claimed 65.4 hours. R. 32, Attachment 3. The defendant asserts that 13.8 of these hours related to work at the administrative level or for work not done in furtherance of the district court case. R. 35. In cases where the court remanded the action to the administration for further proceedings, the court may award fees only for the work performed before it.[3] *Horenstein*, 35 F.3d at 262. However, even eliminating these hours leaves 51.6 hours of work performed by Cybriwsky before the court. This would amount to a hypothetical hourly rate of $328.01. Such a sum would not appear so large as to constitute a windfall for the attorney. The district court found the equivalent of an hourly rate of $366.22 reasonable in *Whisman v. Astrue*, No. 7-122-GWU, 2008 WL 51733466 (E.D. Ky. Dec. 10, 2008). Thus, an attorney fee award of

---

[3]Fees for work done before the administration are awarded pursuant to 42 U.S.C. § 406(a).

4

the full twenty-five percent of past due benefits, or $16,925.50, is reasonable in this action.

In a sur-reply, the defendant notes that $5,300.00 was paid to a different attorney for work before the administration pursuant to 42 U.S.C. § 406(a) and asserts that this amount should be deducted from the $16,925.50 of past due benefits available for payment to Cybriwsky, leaving a total of $11,625.50. R. 39. The Sixth Circuit Court of Appeals has found that the twenty-five-percent limitation on attorney fees contained in § 406(b) does not limit the combined fee award under both § 406(a) (for work done before the administration) and § 406(b) (for work done before the court). *Horenstein*, 35 F.3d at 262; *accord*, *Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001). Therefore, the court must reject the defendant's argument.

The defendant noted that because the agency has released all past due benefits to Watkins, it cannot pay to Cybriwsky the attorney fees he is due, R. 35. Cybriwsky counters that this premature release of funds violates the statutory obligation under 42 U.S.C. § 406(b)(1) on the part of the agency to certify for withholding and payment of attorney fees and requests that the court take corrective action and hold the Commissioner responsible for the payment. However, the United States government has no liability for the payment of attorney fees absent the express waiver of sovereign immunity. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). Because § 406 involves the payment of attorney fees out of the claimant's own past due benefits rather than payment by the

government out of general funds, it cannot be construed as a waiver of sovereign immunity. *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990).[4] Thus, the court cannot order the agency to pay Cybriwsky out of general funds.

The defendant notes that the Program Operations Manual System ("POMS") at POMS GN 03920.055 outlines the procedure to be followed when the Social Security Administration ("SSA") fails to withhold past due benefits due for payment of attorney fees. R. 39, Attachment 1. The attorney is to be contacted by letter that the past due benefits have been released, and the representative must be advised that he needs to contact the claimant directly to arrange for payment of the fee. POMS GN 03920.055(D). If the attempt is unsuccessful, then the administration should institute overpayment proceedings against the claimant. *Id*. While this might not be a desirable alternative for an attorney, this is the procedure to be followed.

Interestingly, POMS GN 03920.055(E) concerning "Procedure--Representative Unable to Collect From Claimant" states that if the attorney is unable to collect the fee from the claimant, the administration is authorized to "pay the representative the maximum amount SSA should have made in direct payment from title II past-due benefits…" and then seek recovery of the overpayment from the claimant. However, an administrative regulation cannot waive sovereign

---

[4]Another circuit has also found that 42 U.S.C. § 406(b) does not constitute a waiver of sovereign immunity although the decision was noted to be without precedential value. *In re Handel*, 570 F.3d 140, 311 Fed. Appx. 541 (3rd Cir. 2009).

immunity. *United States v. Mitchell*, 463 U.S. 206, 215-216 (1983). The Commissioner must waive recoupment of an overpayment in situations where the claimant is without fault and the recoupment would defeat the purposes of the Social Security Act by being against equity or good conscience. 42 U.S.C. § 404(b). Thus, a considerable danger exists that the SSA will be unable to recover the overpayment and will have paid the attorney out of general funds. Thus, the court cannot order a direct payment despite the POMS language due to concerns about sovereign immunity.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to reopen and affirm the final favorable administrative decision, R. 31, is **DENIED**;

**IT IS ORDERED** that the plaintiff's motion for attorney's fees, pursuant to 42 U.S.C. § 406(b)(1), R. 32, is **GRANTED** to the extent that an award of $16,925.50 is **APPROVED** for counsel.

Signed on October 4, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY